**V & H EQUIPMENT RENTAL CORPORATION, Plaintiff-Appellant, v. GARFIELD HEIGHTS (City) et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24760.  Decided October 14, 1959.

Austin T. Klein, for plaintiff-appellant.

William J. Tosco, Dir. of Law, Loyal V. Buescher, for defendants-appellees,

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

The appellant, V & H Equipment Rental Corp., herein called "corporation," filed an action in the Court of Common Pleas of Cuyahoga County, Ohio, against the city of Garfield Heights, herein called "city." This action, entitled "Petition for restraining order, mandatory injunction and relief," was dismissed by the trial court on the motion of the city, made at the conclusion of the opening statement on behalf of the corporation. The journal entry of dismissal, in its pertinent part, says:

"Defendants' motion for judgment on the pleadings and opening statements of counsel is granted. Judgment rendered in favor of defendants and against plaintiff for costs."

The petition herein, among many things, alleged that the corporation leased certain lands for the disposal of commercial refuse by the sanitary landfill method, which lands were used for many years prior to the lease for the disposal of waste and refuse; and hence this business was conducted as a nonconforming use under the zoning ordinance.

The corporation said that, on June 16, 1958, emergency legislation was enacted by the city, requiring a permit for the disposal of rubbish and waste material upon any lands within the city; and it alleged that, although it was not subject to such permit, it did make application under that legislation to conduct the business of disposal of waste material by the sanitary landfill method.

This permit was denied the corporation, and thereafter the agent of the corporation was arrested when he attempted to conduct the business of disposal of commercial waste material by the sanitary landfill method on these lands.

The corporation further alleged that the legislation providing for a permit to conduct the business of refuse disposal was unlawful, because the ordinance set no standards, was an unlawful delegation of legislative authority, and provided no method to appeal the action of the administrative officers.

The corporation said that the refusal to issue a permit was unlawful, unreasonable, capricious, and a confiscation of corporate property, and a denial of due process of law. The corporation also said that, since it had exhausted all of the remedies available to it, the Court should enjoin the criminal prosecution of its agent, and also enjoin the city from legislating as to sanitary landfill operations, and declare the ordinance requiring a permit to conduct the business of disposing of refuse and waste material by the sanitary landfill method invalid. In the alternative, the corporation asked that the city authorities be ordered to permit the corporation to operate such business.

The city said that an application was made by the corporation to conduct its business under an ordinance numbered 40-1942, and, before such application was acted upon, a new ordinance, No. 104-1958, to govern the disposal of rubbish and waste material, was enacted as an emergency measure. This ordinance required that a written application for a permit to conduct such a business must be filed with the Building Commissioner of the city. Such application would then be forwarded to the Zoning Board of Appeals for a public hearing. An application for a permit was filed by the corporation under the terms of this ordinance. This permit was not granted. No proceeding to appeal the administrative order of the Board of Zoning Appeals was instituted by the corporation after receipt of the notice of the denial of the permit.

From an examination of the opening statements, the petition, as amended by interlineation, and the answer, which was also amended by interlineation, the problem that we have is: Where a city has enacted legislation requiring a permit for the operation of the business of disposing of waste and refuse material within the city limits, and such application has been denied by the administrative body authorized to grant the permit, may the constitutionality of such ordinance be attacked before proceeding with the appeal provisions of §2506.01 et seq, R. C.—to wit, the procedure for appeals from orders of administrative officers and agencies?

If the trial court lacked jurisdiction to proceed to hear the case, the judgment must be affirmed, notwithstanding many allegations other than the invalidity of the ordinance are set out in the petition.

We do not think it can seriously be maintained that the city has no right to regulate the disposal of refuse and waste material. Ordinances pertaining to the health of the inhabitants, along with sanitary regulations concerning the disposal of waste materials, come within the police powers of government. **State, ex rel. Moeck, v. City of Cincinnati et al, 120 Oh St 500.**

This court, the Eighth District, in the case of Neubauer v. City of Cleveland et al., 145 N. E. 2d 315, 316, specifically said that the disposal of waste material bears a relationship to public health, although the court did approve the sanitary landfill method of disposal of waste and rubbish.

There is a provision in the §715.61 R. C., which gives to municipalities the authority to regulate and license many occupations and businesses, including scavengers. The word "scavenger" is defined by Webster's New International Dictionary, Second Ed., as "2.a. A person or thing that collects or disposes of filth, waste products, etc.; specif., a street cleaner, garbage collector, etc."

We believe that, as this term is used in the statute, it includes those who gather waste products such as rubbish and trash.

Sec. 717.01 (C) R. C., grants power to a municipal corporation to provide the means to dispose of refuse. See also, §715.43 and §3707.43 R. C.

Since the city does have the power to regulate the business the corporation seeks to conduct, may an attack be made directly on that ordinance at this time?

The rule in Ohio, with respect to the problem herein, has been effectively determined by the Supreme Court of Ohio. In the case of **State, ex rel. Lieux, v. Village of Westlake et al., 154 Oh St 412,** that court said:

"1. Constitutional questions will not be decided until the necessity for their decision arises."

In the case of **Eggers et al, v. Morr et al, County Commrs., 162 Oh St 521,** the court said:

"1. Where an administrative agency has jurisdiction to make an order in a matter pending before it, and a right of appeal from such order to the Court of Common Pleas is provided by law to any person adversely affected thereby, such person is not authorized to bring an independent action in equity to enjoin the carrying out of such order, where the grounds relied upon in seeking the injunction are such as could be fully litigated in the appeal authorized by law.

"2. Mere inconvenience in complying with the necessary steps in taking such an appeal does not constitute an excuse for resorting to an independent action for an injunction in lieu of taking the appeal."

Ordinance No. 104-1958, the city law against which the principal complaint is made, is set out in full in the answer filed by the city. This ordinance is not as clear, in its statements concerning who shall grant the permit as might be desired, if any permit is given, yet we believe it sufficient to show that the Zoning Board of Appeals is the agency designated by council to determine the conditions for the issuance of a permit, and whether a permit should or should not be granted.

It is the conclusion of this court that this action in equity cannot be maintained, since there is an adequate remedy of appeal from the refusal of the Zoning Board of Appeals to authorize the granting of a permit.

The right to test the constitutionality of this ordinance, if it is deemed necessary to do so, may be instituted after all remedies by way of appeal under §2506.01 et seq, R. C., have been exhausted.

The situation in this case is not similar to the situation found in **State, ex rel. Killeen Realty Co. et al, v. City of East Cleveland et al, 169 Oh St 375.** In that case the question of zoning of property was involved, which, in effect, constituted the taking of property without due process; whereas here, although such an allegation is made in the petition, there is a lawful right to regulate the very type of business the corporation seeks to conduct on the premises. Whether the facts justify a refusal of the permit can be tested by the appeal provided for under the law.

The judgment of the trial court must be affirmed.

Judgment affirmed.

DOYLE, PJ, GRIFFITH, J, concur.